|,H. CHARLES GAUDIN, Judge, Pro Tempore.
This is an appeal by St. Charles Parish from two district court judgments requiring it to pay damages to Brent Morvant, a *1285 liquor license-seeking petitioner, of economic losses sustained by him during the one-year pendency of an appeal taken by the Parish, without posting bond, from a judgment ordering it to issue a certificate to Morvant. We reverse.
Initially, we note that St. Charles Parish, as a public body, did not have to post bond before appealing suspensively, LSA-R.S. 13:4581. Morvant had been awarded $20,698.00 for economic losses sustained by him from December 12, 1994 to December 18,1995.
On December 12, 1994, following a mandamus hearing, the trial judge ordered the Parish to issue a certifícate of zoning compliance to Morvant. Morvant, however, did not then apply for the liquor license.
The Parish appealed suspensively but lost in the Fifth Circuit Court of Appeal. The Louisiana Supreme Court denied writs. On December 18, 1995, the Parish issued another certificate of zoning compliance; and Morvant applied for his liquor license, which was issued. Almost two years later, on November 12, 1997, Mor-vant petitioned for damages.
Following trial on February 23, 1999, the trial judge rendered judgment on May 6, 1999. He found that the method used by the Parish in handling Morvant’s application wTas neither arbitrary nor capricious, but he stated the certificate should have been issued “... with the provision that it wrould be revoked 12should the Court of Appeal reverse the trial court’s decision. Failure to do so was arbitrary and capricious ...”
Our review of this record shows (1) that the Parish was neither arbitrary nor capricious in the handling of Morvant’s application (as stated by the trial judge, who found the handling “perfectly logical and based on reason”), (2) that, the Parish issued, on December 14, 1994, its usual compliance letter, (3) that the Zoning Department then notified Morvant that an appeal would be taken and that his license could be subsequently revoked, and (4) that Morvant, for reasons unknown, did not in December, 1994 apply for a liquor license.
We see no arbitrary or capricious action taken or not taken by St. Charles Parish. The appeal by the Parish from the initial district court judgment, although unsuccessful, was appropriate.
Finally, we are unaware of a single Louisiana case, and none has been cited, in which monetary damages were awarded against a public body for the non-arbitrary and non-capricious denial of a liquor license or for the non-arbitrary and non-capricious taking of an appeal following a court order to issue the permit.
If St. Charles Parish’s method of handling Morvant’s application was reasonable and fair, any appeal by the Parish from an adverse judgment cannot be arbitrary or capricious. The trial court judgments of May 6, 1999 and April 7, 2000 are reversed and set aside.
REVERSED.